BEFORE THE SECOND DIVISION, FEBRUARY 7, 1957

**No. 60484.**—Nyos, Inc. *v.* United States, petition 7217–R (New York).

Opinion by Ford, J. From the record, it appeared that the entry involved was selected for the purpose of making up a test case as to the proper value of the merchandise involved; that both the petitioner and its counsel had several conferences with the appraiser and, not being able to agree upon a value, they selected the entry herein for a test case; and that the petitioner cooperated fully with the customs officials, giving them all the information it was able to secure. Based upon the facts in the case, it was held that there was no intention to defraud the revenue of the United States or to conceal or misrepresent the facts of the case or to deceive the appraiser as to the value of the merchandise. The petition was, therefore, granted.

BEFORE THE FIRST DIVISION, FEBRUARY 13, 1957

**No. 60485.**—Hensel, Bruckmann & Lorbacher, Inc. *v.* United States, protest 288822–K (New York).

Opinion by OLIVER, C. J. It was stipulated that the cameras are entitled to free entry under paragraph 1615 (g), as amended, *supra*, and that the provisions of law and regulations had been complied with in all respects. It was held that the cameras are entitled to free entry and that duty at 20 percent under paragraph 1551, by virtue of paragraph 1615 (g), as amended, *supra*, should only be assessed on the cost of repairs to the cameras.